## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

LORI CHAVEZ-DEREMER, Secretary of Labor,
United States Department of Labor,

                              Plaintiff,

   v.                                                    Civil Action No.

THOMAS MERKEL; SOUTH WATER SIGNS, LLC
401(K) PROFIT SHARING PLAN; SOUTH WATER
SIGNS, LLC GROUP HEALTH PLAN; and SOUTH
WATER SIGNS, LLC,

                              Defendants.

## COMPLAINT

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of
Labor ("Secretary"), alleges as follows:

### JURISDICTION AND VENUE

1.       This cause of action arises under Title I of the Employee Retirement
Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and is
brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and
(5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain
appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29
U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to
redress violations and to enforce the provisions of Title I of ERISA.

2.    This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.    The South Water Signs, LLC 401(k) Profit Sharing Plan (the "401(k) Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4.    The South Water Signs, LLC Group Health Plan (the "Health Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5.    Venue of this action lies in the Northern District of Illinois, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plans were administered in Elmhurst, Cook County, Illinois, within this district.

### DEFENDANTS AND PARTIES IN INTEREST UNDER ERISA

6.    Defendant South Water Signs, LLC ("SWS") was incorporated in Illinois on June 22, 2006.

7.    From at least January 1, 2021, to present, Defendant SWS was the Plan Sponsor and Plan Administrator of the 401(k) Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16); the 401(k) Plan's fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the 401(k) Plan within the meaning of ERISA § 3(14)(A), (C), and (E), 29 U.S.C. § 1002(3)(14)(A) (C), and (E).

8.      From at least 2006, to present, Defendant SWS was the Plan Sponsor and Plan Administrator of the Health Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16); the Health Plan's fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Health Plan within the meaning of ERISA § 3(14)(A), (C), and (E), 29 U.S.C. § 1002(3)(14)(A) (C), and (E).

9.      From at least 2006 to present, Defendant Thomas Merkel ("Merkel") was the sole owner and president of Defendant SWS; exercised control over Defendant SWS and its assets; exercised discretionary authority and discretionary control respecting management of the 401(k) Plan and the Health Plan (jointly referred to as the "Plans"); exercised authority and control over disposition of the Plans' assets; and was a fiduciary of the Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the Plans within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. §1002(A), (E) and (H).

10.     The 401(k) Plan and Health Plan are named as Defendants pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

11.     On October 5, 2024, Defendant Merkel filed for Chapter 11 in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division. On February 27, 2025, the Bankruptcy Court entered an order converting the case to Chapter 7.

## COUNT I
### FAILURE TO REMIT EMPLOYEE CONTRIBUTIONS TO THE 401(K) PLAN

12.     Paragraphs 1 through 10 above are realleged and incorporated in these allegations.

13.     Defendant SWS sponsored the 401(k) Plan to provide retirement benefits to its employees and their beneficiaries.

14.     The 401 (k) Plan was funded by employee pre-tax salary deferral contributions withheld from Defendant SWS's employees' wages in addition to employer contributions.

15.     For certain payroll periods between July 30, 2021, through December 29, 2023, Defendant SWS withheld $12,809.39 from its employees' pay as employee salary deferral contributions for remittance to the 401(k) Plan. Defendant SWS retained these employee salary deferral contributions in its bank account and did not remit these assets to the 401(k) Plan.

16.     From at least January 1, 2021, through the present, Defendant Merkel had authority and control over whether Defendant SWS remitted withheld employee salary deferral contributions to the 401(k) Plan and exercised such authority and control.

17.     Defendants SWS and Merkel caused $12,809.39 in employee salary deferral contributions to be retained in SWS's general operating account and used those unremitted monies for SWS's business expenses.

18.     Based on the facts described in Paragraphs 12 through 17 above,

Defendants SWS and Merkel:

a.     failed to hold all assets of an employee benefits plan in trust, in

violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

b.     permitted the 401(k) Plan's assets to inure to the benefit of the

employer and failed to hold them for the exclusive purpose of providing

benefits to the Plan participants and their beneficiaries and defraying

reasonable expenses of plan administration in violation of ERISA § 403(c)(1),

29, U.S.C. § 1103(c)(1);

c.     failed to act solely in the interest of the participants and

beneficiaries of the 401(k) Plan and for the exclusive purpose of providing

benefits to participants and their beneficiaries and defraying reasonable

expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C.

§ 1104(a)(1)(A);

d.     failed to discharge their duties with the care, skill, prudence, and

diligence that a prudent man acting in a like capacity and familiar with such

matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29

U.S.C. § 1104(a)(1)(B);

e.     caused the 401(k) Plan to engage in transactions which they knew or

should have known constituted a direct or indirect transfer to, or use by, or for

the benefit of a party in interest, of assets of the Plan, in violation of ERISA

§ 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

      f.   dealt with the assets of the 401(k) Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

      g.   acted on behalf of a party whose interests are adverse to the interest of the 401(k) Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

19.    As a direct and proximate result of Defendants SWS and Merkel's fiduciary breaches, the 401(k) Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT II
### FAILURE TO REMIT EMPLOYEE SALARY DEFERRAL CONTRIBUTIONS TO THE 401(K) PLAN IN A TIMELY MANNER

20.    Paragraphs 1 through 19 above are realleged and incorporated in these allegations.

21.    From July 30, 2021, to December 29, 2023, Defendants Merkel and SWS withheld $107,103.43 from SWS' employees' pay as salary deferral contributions intended for the 401(k) Plan and failed to timely remit the contributions to the 401(k). Defendants Merkel and SWS retained these contributions for up to 74 business days before remitting them to the 401(k) Plan in an untimely manner.

22.    Based on the facts described in Paragraphs 20 through 21 above, Defendants SWS and Merkel:

a.  permitted the 401(k) Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to the 401(k) Plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29, U.S.C. § 1103(c)(1);

b.  failed to act solely in the interest of the participants and beneficiaries of the 401(k) Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c.  failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

d.  caused the 401(k) Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by, or for the benefit of a party in interest, of assets of the 401(k) Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

e.  dealt with assets of the 401(k) Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

      f.    acted on behalf of a party whose interests are adverse to the interest of the 401(k) Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

23.    As a direct and proximate result of Defendants SWS and Merkel's fiduciary breaches, the 401(k) Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT III
### FAILURE TO REMIT EMPLOYEE CONTRIBUTIONS TO THE HEALTH PLAN

24.    Paragraphs 1 through 10 above are realleged and incorporated in these allegations.

25.    Defendant SWS established the Health Plan to provide health benefits to its employees and their beneficiaries.

26.    The Health Plan was a fully-insured plan.

27.    From 2006 through July 1, 2023, BlueCross BlueShield of Illinois ("BCBS") provided health insurance coverage for Defendant SWS's employees who participated in the Health Plan.

28.    From June 16, 2023, through December 29, 2023, Defendant Merkel had authority and control over whether and when Defendant SWS remitted withheld employee contributions to the Health Plan, and Defendant Merkel exercised such authority and control.

29.    From June 16, 2023, through December 29, 2023, Defendants SWS and Merkel withheld $69,145.98 from its employees' pay as contributions to the Health Plan for insurance premiums. Instead of remitting them to the Health Plan, Defendants retained the $69,145.98 in employee contributions in SWS' corporate bank account.

30.    From June 16, 2023, through December 29, 2023, Defendants SWS and Merkel caused $69,145.98 in employee contributions to the Health Plan to be withheld from SWS' employees' pay and used them to pay other corporate expenses.

31.    Because Defendants SWS and Merkel failed to remit $69,145.98 in employee contributions to the Health Plan, BCBS canceled the company's health insurance effective retroactively to July 1, 2023.

32.    BCBS subsequently denied health claims because the Health Plan participants were not eligible for coverage on the dates of their medical service.

33.    Based on the facts described in Paragraphs 24 through 31 above, Defendants SWS and Merkel:

a.    failed to act solely in the interest of the participants and beneficiaries of the Health Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

b.    failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such

matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

  c. caused the Health Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by, or for the benefit of a party in interest, of assets of Health Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

  d. dealt with assets of the Health Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

  e. acted on behalf of a party whose interests are adverse to the interest of the Health Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

34. As a direct and proximate result of Defendants SWS and Merkel's fiduciary breaches, the Health Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Secretary prays that this Court enter a judgment:

A. Permanently enjoining Defendants SWS and Merkel from violating the provisions of Title I of ERISA;

B.      Permanently enjoining Defendants SWS and Merkel from serving or acting as fiduciaries or service providers to any ERISA-covered employee benefit plan and removing them from any positions they now hold as fiduciaries of the Plans;

C.      Ordering Defendants SWS and Merkel[1] to make good to the Plans all losses, including lost opportunity costs to the 401(k) Plan, resulting from fiduciary breaches committed by them for which they are liable;

D.      Ordering Defendants to correct the prohibited transactions in which they engaged;

E.      Appointing an independent fiduciary to terminate the 401(k) Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute the Plan's assets to the participants and beneficiaries, and conclude any 401(k) Plan-related matters connected with the proper termination of the 401(k) Plan;

F.      Ordering, if necessary, the independent fiduciary to distribute recovered amounts due to the Health Plan to affected participants of the Health Plan;

G.      Awarding the Secretary the costs of this action; and

H.      Ordering such further relief as is appropriate and just.

---

[1] On October 5, 2024, Defendant Merkel filed for Chapter 11 in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (Case No. 24-14828). On February 27, 2025, the Bankruptcy Court entered an order converting the case to Chapter 7. The Secretary filed an Adversary Complaint for Determination of Dischargeability of Debt on December 30, 2025. The Secretary's efforts to enforce the monetary portion of this Judgment against Defendant Merkel will be consistent with the Bankruptcy Code.

Dated: December 31, 2025                    Respectfully submitted,

                                            **JONATHAN BERRY**
                                            Solicitor of Labor

P.O. Address:                               **CHRISTINE Z. HERI**
Office of the Solicitor                     Regional Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844               /s/ Rachel Murphy
Chicago, IL 60604                           **RACHEL MURPHY**
                                            Trial Attorney
Phone: 312/596-5402
Fax: 312/353-5698                           Attorneys for **LORI CHAVEZ-DEREMER**,
murphy.rachel.s@dol.gov                     Secretary of Labor
                                            U.S. Department of Labor, Plaintiff